# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN SIEGENTHALER,**

        **Plaintiff,**

**-vs-**                                                                   Case No.  6:07-cv-173-Orl-22DAB

**KANE FURNITURE CO. OF ORMOND BEACH, INC., and BRYON S. KALIN,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:** **JOINT NOTICE OF SETTLEMENT, MOTION FOR APPROVAL OF SETTLEMENT, MOTION TO DISMISS CASE WITH PREJUDICE (Doc. No. 13)**
>
> **FILED:** May 1, 2007
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).  If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  "When employees bring a private action

for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on June 12, 2007 with counsel for both parties present.

Based on the representations of counsel, Plaintiff was employed by Defendants as a service technician from June 1990 to October 2006. The extent of Plaintiff's overtime worked was disputed by both sides, with Plaintiff seeking approximately $25,102 for seven hours per week of alleged overtime worked from January 6, 2004 to October 2006. Doc. No. 7. The settlement to Plaintiff of $8,750 in unpaid overtime wages and $8,750 in liquidated damages represents approximately one-third of the principal amount Plaintiff originally sought. Plaintiff's counsel explained that there were both legal issues and issues of proof that reduced the viability of the claim.

The parties have agreed that Defendant will pay Plaintiff's attorney $12,500 in attorney's fees and costs, as roughly 40% of the amount of settlement. Doc. No. 13-2. Plaintiff's counsel stated at the hearing that "on the books" he had accrued about $4,500 in fees and $500 in costs. Defendants'

counsel did not object to the amount. However, she stated that although Defendants would have interposed certain defenses, those defenses were not very viable and the case settled pretty quickly.

Before the Court may approve the settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required. *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

In determining whether the settlement is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions:

(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). When considering these factors, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977). Moreover, the Court is mindful that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir.1995), *citing Cotton*, 559 F.2d at 1330.

**Plaintiff's Promise to Pay a Contingency Fee to his Attorney**

Plaintiff's counsel provided no legal authority that he is entitled to receive a 40% contingency fee for his work in this case. The Court's own research found no precedential authority in this Circuit that addresses whether an FLSA plaintiff may be required to pay his attorney more than the Court determines is a reasonable fee under the statute because the plaintiff has entered into a contingent fee agreement with his counsel.

In *Venegas v. Mitchell*, 495 U.S. 82 (1990), the Supreme Court addressed whether the feeshifting provisions of 42 U.S.C. § 1988 for prevailing civil rights plaintiffs operated as an upper bound on what the plaintiff was obligated to pay his attorney pursuant to a contingency fee agreement. The Court found that the statute did not regulate what plaintiffs may promise to pay their attorneys, nor was there anything in the legislative history that suggested that Congress intended § 1988 to limit civil rights plaintiffs' ability to contract with their attorneys. *Id*. at 86-87. The Court reasoned that if civil rights plaintiffs could waive their causes of action entirely, "there is little reason to believe that they may not assign part of their recovery to an attorney if they believe that the contingency arrangement will increase their likelihood of recovery." *Id*. at 88. The Court concluded that the statute did not impose a ceiling on compensation, and that parties could contract for contingency fees or hourly rates in excess of what would be a reasonable fee under the statute. *Id*. at 90.

Unlike Section 1988, a plaintiff cannot waive a cause of action under the FLSA unless the settlement is approved by the Court or the Secretary of Labor. The FLSA was enacted in 1938 in order to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers. . . ." 29 U.S.C. § 202(a). Several courts have recognized that Congress intended that a successful FLSA plaintiff would recoup his

attorneys' fees and costs from the employer, without incurring any additional obligation to pay fees or costs. This issue first arose in 1946 in a case before the Fourth Circuit, which found that "[o]bviously Congress intended that the wronged employee should receive his full wages plus the penalty *without incurring any expense for legal fees or costs.*" *Maddrix v. Dize,* 153 F.2d 274, 275-76 (4th Cir. 1946) (emphasis added). *See also United Slate, Tile and Composition Roofers, Damp and Waterproof Workers*, 732 F.2d 495, 502 (6th Cir. 1984) (citing *Maddrix* with approval); *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net, and that therefore the lawyer's compensation should come solely from the employer."); *Burke v. Mesta Mach. Co.*, 79 F. Supp. 588, 615 (W.D. Pa. 1948) ("Any agreement between the plaintiffs and their counsel for an additional fee on a contingent basis, or any other understanding, would be contrary to the purpose of Congress to have the employee collect and return unpaid wages and liquidated damages.").

Because the FLSA was intended to provide workers with the full compensation they are due under the law, requiring a plaintiff to pay his or her attorney a fee in addition to what the Court determines is a reasonable fee for the attorneys' services in contrary to Congressional intent. The Court finds no reasonable basis to distinguish between a plaintiff who prevails through settlement from one who prevails at trial. The Court has discretion to determine what is a reasonable fee for an attorney's services, regardless of any contract between a plaintiff and his attorney. *See United Slate*, 732 F.2d at 504. Moreover, the Court has broad equity powers to supervise collection of attorneys' fees pursuant to contingency fee contracts. *See, United States ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.*, 41 F.3d 1032, 1048 (6th Cir. 1994). The Court, therefore, will determine what is a

-5-

reasonable fee and will find any contingency fee agreement that requires an additional payment to be unenforceable. *See, e.g., Chandris, S.A. v. Yanakakis*, 668 So.2d 180, 185 (Fla. 1995) ("A contract that contravenes an established interest of society can be found to be void as against public policy."); *Local No. 234 of United Ass'n of Journeymen and Apprentices v. Henley & Beckwith, Inc.*, 66 So.2d 818, 823 (Fla.1953) (contract provisions which violate public policy underlying a statute can be void); *Stewart v. Stearns & Culver Lumber Co.*, 56 Fla. 570, 587 (1908) ("Contracts or agreements that violate the principles of public policy designed for the public welfare are illegal, and will not in general be enforced by the courts. . . .").

Applying these principles to the present case, the Court concludes that the agreed fee arrangement would result in an unreasonable fee where the Plaintiff is not receiving full compensation and there is no substantial legal or factual dispute. Thus the fee agreement is not consistent with the purposes of the FLSA. Considering the lack of extended dispute or court proceedings, the amount of the fee charged is not warranted, and a fee not in excess of $6,000.00 is the most that could be approved. The record reflects a straightforward case, requiring no particular level of expertise above and beyond that expected of any member of this bar. Courts in this district and division routinely award between $150 and $250 an hour for similar work in FLSA cases, and there is no evidence as to why Plaintiff's counsel should be compensated at a higher rate. It is **RECOMMENDED** that the settlement to Plaintiff of $30,000 minus fees of $6,000.00 and costs of $500.00 be approved by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 15, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy